UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SANDRA SMITH FRISBIE,

        Plaintiff,

-against-　　　　　　　　　　　　　　3:04-CV-435
　　　　　　　　　　　　　　　　　　　　(LEK/GJD)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

**DECISION AND ORDER**

    This matter comes before the Court following a Report-Recommendation filed on February 6, 2006, by the Honorable Gustave J. Di Bianco, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(d) of the Northern District of New York.  Report-Rec. (Dkt. No. 17.) After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff, Sandra Smith Frisbie, which were filed on February 21, 2006. Objections (Dkt. No. 18.)

    It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation

1

should be approved for the reasons stated therein.[1]

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that the decision of the Commissioner is **AFFIRMED,** and the Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   March 28, 2006
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[1] Note that the case of Bluvband v. Heckler, 730 F.2d 886, 891 (2d Cir. 1984), Report-Rec. (Dkt. No. 17) at 4, has been superceded by regulation on grounds other than those for which the case is cited in the Report-Recommendation.  See, e.g., Schisler v. Sullivan, 3 F.3d 563 (2d Cir. 1993).